1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIAN AYTMAN, | Case No.  1:23-cv-00382-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| PFIEFFER, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE |
| Defendants. | |
| | (ECF No. 10) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.   **Background**

Plaintiff Torian Aytman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On July 10, 2023, the Court issued a screening order granting Plaintiff leave to file a second amended complaint or a notice of voluntary dismissal within thirty (30) days.  (ECF No. 10.)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice.  (*Id.* at 11.)  The deadline has expired, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

1

**II.    Failure to State a Claim**

      **A.    Screening Requirement**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

      To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

      **B.    Plaintiff's Allegations**

      Plaintiff is currently housed at Kern Valley State Prison ("KVSP"), where the events in the complaint are alleged to have occurred.  Plaintiff names Christian Pfieffer,[1] Warden, KVSP as the sole defendant.

///

---

[1] Plaintiff incorrectly spells Warden Pfeiffer.  *See* https://www.cdcr.ca.gov/facility-locator/kvsp/.  The Court will refer to the correct spelling for Defendant Warden Pfeiffer.  *See also In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute).

In claim 1, Plaintiff alleges violation of the Eighth Amendment.  Since the beginning of 2021, Plaintiff has been given the opportunity to go to the exercise yard less than 100 times. Plaintiff complained to the building staff (Tower officer Angula and floor staff officer T. Owens) their supervisors and had it addressed with the supervisors' supervisors.  Once the cameras and body cameras were installed in the prison, Plaintiff wrote the issue up because he had proof.  Sgt. Anderson told Plaintiff during a 602 hearing that "per the warden" they cannot run yard when the facility is under Operational Procedure #106 and #406.  This is for all inmates not affected by disciplinary yard restriction "because of this our inmate yard representatives" addressed the issue directly to Warden Pfeiffer, Assistant Warden Swain and a captain.  The issue was just brushed off with some excuses.

As for the names of those responsible for carrying out the policies under Warden Pfeiffer, there are numerous people because correctional officer switch position often but the Daily Activity Report will show who was present in what position as well as what program was run. Plaintiff alleges that he only named Warden Pfeiffer as the sole defendant "since he is responsible for the policies his subordinates carry out that deprive us of our rights."  Once he was made aware of the issues via 602s and IAC Mac Rep, and IFC meeting, it showed deliberate indifference to "not issue an order to change this issue for the better."

Also since the beginning of 2021, in over a 2 year period, tower officer Angulo[2] refused to run and effective shower program so that each inmate has a shower every 72 hours.  Plaintiff has complained and won a shower grievance, yet the issue persists.  Officer Angulo says that all inmates are afforded the opportunity to shower during the assigned dayroom time, but dayroom is not always run because of operational procedures #106 and #406.  There has been several times Plaintiff has not been able to shower in a 72 hour time span because the dayroom was not run. The times they were denied showers was shown on the facility's Daily Activity Report log. Plaintiff alleges they were forced to wait until 6 pm to see if they would get a shower and then were denied a shower within 72 hours.  Plaintiff named Defendant Pfeiffer as the sole defendant

[2] It is unclear if officer Angulo is intended to be named as a defendant.  If so, he should be named in the caption of the complaint.  *See* Fed. R. Civ. P. 10.

1    because the policy he approved and is responsible for administering is not being adhered to.

2    Once the warden was informed of the issue via 602s, IAC mac Rep and IFC meetings, liability

3    falls on the Warden because as the head of the institution, nothing was attempted or done to fix

4    the problems.

5        As remedies Plaintiff seeks compensatory damages.

6    **C.    Discussion**

7        Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20

8    and fails to state a cognizable claim under 42 U.S.C. § 1983.

9                **1.    Federal Rule of Civil Procedure 8**

10        Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

11    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

12    Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

13    of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678

14    (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

15    claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

16    at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also*

17    *Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

18        Here, Plaintiff's complaint is short, but not a plain statement of his claims.  Much of

19    Plaintiff's allegations is conclusory as to what happened, when it happened, or which defendant

20    was involved.

21                **2.    Federal Rules of Civil Procedure 18 and 20**

22        Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed.

23    R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*,

24    507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec.

25    11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021).

26    Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the

27    same transaction or occurrence, or series of transactions and occurrences, and (2) there are

28    commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348,

1351 (9th Cir. 1997).  The "same transaction" requirement refers to similarity in the factual background of a claim.  *Id.* at 1349.  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. Plaintiff appears to allege a claim for lack of outside exercise against the Warden and separate claims for failure to run the showers.  Unrelated claims involving multiple defendants belong in different suits.  Merely because the claims involved actions while Plaintiff was housed at KVSP does not make every injury or incident related.  Separate unrelated claims must be filed in separate lawsuits.  The Court declines to expend its scarce resources screening improperly joined claims.

### 3.    Supervisory Liability

To the extent Plaintiff seeks to hold Warden Pfeiffer, or any defendant, liable based solely upon their supervisory role, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc).  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

///

5

Plaintiff alleges that the warden "knew" or "should have known" or "absolutely knew" about conditions. Plaintiff merely relies on the Warden's supervisory responsibilities to ensure the safety and health of the prisoners, but this claim is based on respondeat superior which is not cognizable under section 1983. *Iqbal*, 556 U.S. at 677. Such conclusory allegations are insufficient to state the causal link between such defendant and the claimed constitutional violation.

To prove liability for an action or policy, the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." *Waggy v. Spokane Cty. Wash.*, 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff's conclusory statements are insufficient to state a cognizable claim against the supervisory defendants.

Plaintiff alleges that policies #104 and 406 are at issue, but fails to describe each of the policies, or attach a copy, and explain why the policies are violation of his rights for which Warden Pfeiffer is responsible. Plaintiff alleges that operational policies #106 and #406 are the responsible policies for why he was not provided outside exercise. However, he provides no information about the policy, what it says or the causal link between the policy and the alleged constitutional violation. *See Willard v. Cal. Dep't of Corr. & Rehab*., No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

### 4. Linkage Requirement

Section 1983 of the Civil Rights Act requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by

Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff continues to fail to link Warden Pfeiffer to any alleged wrongdoing.  Plaintiff bases the liability against Warden Pfeiffer on his position as warden and being informed of actions at the facility.  Liability based upon respondeat superior is not permissible.  Plaintiff also fails to link any named defendant to the shower program or the infrastructure problems.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").  In fact, Plaintiff alleges officer Angulo acted contrary to the policy.  Plaintiff was informed in the Court's prior screening that he must name individuals in the caption of the complaint.  *See* Fed. R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the caption of the complaint).

### 5.   Conditions of Confinement

To state an Eighth Amendment claim, Plaintiff must satisfy both the objective and subjective components of a two-part test.  *See Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).  First, he must allege Defendants deprived him of the " 'minimal civilized measure of life's necessities.' " *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting *Wilson,* 501 U.S. at 304).  When determining whether an alleged deprivation is objectively sufficiently serious to support an Eighth Amendment claim, the Court must consider the circumstances, nature, and duration of the deprivation.  *Johnson v. Lewis*, 217 F.3d 726, 731–32 (9th Cir. 2000).  The "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995).

///

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Second, Plaintiff must allege facts sufficient to plausibly show each Defendant he seeks to hold liable had a "sufficiently culpable mind." *Wilson*, 501 U.S. at 297. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). That is, that the official must "kn[ow] of and disregard[ ] an excessive risk to inmate health or safety[.]" *Id.* at 837.

### a.      Outside Exercise

Plaintiff may be able to satisfy the objective prong of the two-part test for lack of outside exercise. Deprivation of outdoor exercise may violate the Eighth Amendment rights of inmates confined to continuous and long-term segregation. *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996). At the same time, outdoor exercise privileges may be restricted for disciplinary or security purposes. *LeMaire v. Maass*, 12 F.3d 1444, 1458 (9th Cir. 1993) (upholding long-term denial of outdoor exercise to prisoner posing serious security risk who can exercise in his cell); *see also Spain v. Procunier,* 600 F.2d 189, 199 (9th Cir. 1979) (declining to find whether deprivation of outdoor exercise is per se unconstitutional). The right to outdoor exercise is not absolute or indefeasible, *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010), but "ordinarily the lack of outside exercise for extended periods is a sufficiently serious deprivation" for Eighth Amendment purposes. *LeMaire*, 12 F.3d at 1457. "[T]he Constitution requires jail officials to provide outdoor recreation opportunities, or otherwise meaningful recreation, to prison inmates." *Norbert v. City & Cty. of San Francisco*, 10 F.4th 918, 931 (2021) (quoting *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018)). Indoor recreational opportunities may satisfy constitutional standards. *Id.* at 929–30. For example, access to a dayroom designed for exercise may be

1  adequate recreation. *Id.* at 931.  Without knowing the contents of the challenged policies, it is not
2  possible to screen whether outdoor exercise privileges were restricted for disciplinary or security
3  purposes.

4          Plaintiff fails to allege the second component: that the defendant had a "sufficiently
5  culpable mind" such that he was deliberately indifferent to the inmate's health.  Plaintiff fails to
6  link Warden Pfeiffer to this claim.  Plaintiff fails to allege any factual support that Warden
7  Pfeiffer knew of Plaintiff's situation and that he disregarded Plaintiff's situation.  Plaintiff's
8  complaint fails to adequately link any defendant to this claim.  Plaintiff bases his claim against
9  Warden Pfeiffer that he had been informed of conduct at the facility and Warden Pfeiffer is
10 responsible for all actions at the institution.  Liability however cannot be based upon respondeat
11 superior.

12         To the extent other "staff" was responsible for deprivation of outside exercise activity,
13 Plaintiff has failed to name as defendants any other person purportedly responsible for violation
14 of his rights and state any factual support that their actions violated the Eighth Amendment.  *See*
15 Fed. R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the
16 caption of the complaint).

17                    b.     Showers
18         Denial of a shower for an extended period of time can violate a prisoner's right to
19 personal hygiene.  *Toussaint v. McCarthy*, 597 F. Supp. 1388, 1411 (N.D. Cal. 1984).  Further,
20 Plaintiff has not identified any named defendant responsible for denying showers and Plaintiff has
21 not alleged any factual support that that person acted with deliberate indifference.  Plaintiff fails
22 to allege any factual support that Warden Pfeiffer knew of Plaintiff's situation and that he
23 disregarded Plaintiff's situation.  In fact, Plaintiff alleges that officer Angulo acted contrary to the
24 stated policies.  Plaintiff bases his claim against Warden Pfeiffer that he had been informed of
25 conduct at the facility and Warden Pfeiffer is responsible for all actions at the institution.
26 Liability however cannot be based upon respondeat superior.  In addition, this claim is improperly
27 joined with the claim for lack of outside exercise.
28 ///

### 6. Doe Defendants

Plaintiff has not named any other defendants but says that individuals involved can be identified from the Daily Activity Report.

### 7. Title 15 and Policy Violation

To the extent that any Defendant has not complied with applicable state statutes or prison regulations for failure to follow procedures, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

## III. Failure to Prosecute and Failure to Obey a Court Order

### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A

1   court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

2   failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46

3   F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

4   963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

5   amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

6   (dismissal for failure to comply with court order).

7          In determining whether to dismiss an action, the Court must consider several factors:

8   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

9   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

10  cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779

11  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

12          **B.     Discussion**

13          Here, Plaintiff's second amended complaint is overdue, and he has failed to comply with

14  the Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his

15  case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

16          The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

17  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

18  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

19  dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d

20  639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

21  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

22  progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products*

23  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

24          Finally, the Court's warning to a party that failure to obey the court's order will result in

25  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

26  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's July 10, 2023 screening order

27  expressly warned Plaintiff that his failure to file an amended complaint would result in a

28  recommendation of dismissal of this action, with prejudice.  (ECF No. 10, p. 11.)  Thus, Plaintiff

had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.**    **Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey court orders, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 28, 2023**              ___/s/ *Barbara A. McAuliffe*___
                                                           UNITED STATES MAGISTRATE JUDGE

12