# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIAN TERRELL AYTMAN, | Case No. 1:23-cv-00382-JLT-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| WARDEN CHRISIAN PFIEFFER, *et al.*, | (ECF No. 9) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Torian Terrell Aytman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint and first amended complaint were screened, and Plaintiff was granted opportunities to amend. Plaintiff's second amended complaint is currently before the Court for screening. (ECF No. 15.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison ("KVSP"), where the events in the complaint are alleged to have occurred. Plaintiff names Christian Pfeiffer, Warden, KVSP as the sole defendant.

In claim 1, Plaintiff alleges violation of the Eighth Amendment. Since the beginning of 2021, Plaintiff has been given the opportunity to go to the exercise yard less than 100 times. Plaintiff complained to the building staff, their supervisors and had it addressed with the supervisors' supervisors. Once the facility cameras and body cameras were installed in the prison, Plaintiff wrote the issue up because he had proof. Sgt. Anderson told Plaintiff during a 602 hearing that "per the warden" they cannot run yard when the facility is under Operational Procedure #106 and #406, which deal with inmate movement and staff redirection during instances of modified program due to lockdown events or short staff days. This is for all inmates not affected by disciplinary yard restriction "because of this our inmate yard representatives" addressed the issue directly to Warden Pfieffer, Assistant Warden Swain and a captain. The issue was just brushed off with some excuses.

The daily activity report will show which officers were present and implemented these policies under the warden's instruction. Plaintiff names the warden as the sole defendant because

"each an [sic] every day one, if not both, of these policies are implemented, the warden must approved and sign off on," before delegating task to his subordinates to implement. This makes Warden Pfeiffer the driving force behind the Eighth Amendment violations. Once he was aware of the issue via 602, IAC and IFC meeting, it showed deliberate indifference to not issue an order to change for the better.

As remedies Plaintiff seeks compensatory damages.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but not a plain statement of his claims. Much of Plaintiff's allegations is conclusory as to what happened, when it happened, or which defendant was involved. While Plaintiff identifies policies, he fails to allege what the policies entail or how they were applied to violate his rights. Plaintiff has been unable to cure this deficiency.

#### B. Supervisory Liability

To the extent Plaintiff seeks to hold Warden Pfeiffer, or any defendant, liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between

3

the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); *accord Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.,* 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff alleges that the warden "knew" or "should have known" or "absolutely knew" about conditions.  Plaintiff merely relies on the Warden's supervisory responsibilities to ensure the safety and health of the prisoners, but this claim is based on respondeat superior which is not cognizable under section 1983.  *Iqbal*, 556 U.S. at 677.  Such conclusory allegations are insufficient to state the causal link between such defendant and the claimed constitutional violation.  The allegations do not allege the warden was personally involved in constitutional violations.

To prove liability for an action or policy, the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy."  *Waggy v. Spokane Cty. Wash.*, 594 F.3d 707, 713 (9th Cir. 2010).  When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff's conclusory statements are insufficient to state a cognizable claim against the supervisory defendants.

Plaintiff alleges that policies #104 and 406 are at issue, but fails to describe each of the policies, or attach a copy, and explain why the policies are violation of his rights for which Warden Pfeiffer is responsible. Plaintiff alleges that operational policies #106 and #406 are the

4

1  responsible policies for why he was not provided outside exercise.  However, despite being
2  advised in the Court's screening orders that he must do so, he provides no information about the
3  policy, what they say or the causal link between the policy and the alleged constitutional
4  violation. *See Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4
5  (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by
6  the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between
7  that policy and the alleged constitutional deprivation.").   Supervisory defendants may not
8  generally be held liable under a respondeat superior theory.

### C.     Conditions of Confinement

To state an Eighth Amendment claim, Plaintiff must satisfy both the objective and subjective components of a two-part test. *See Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). First, he must allege Defendants deprived him of the " 'minimal civilized measure of life's necessities.' " *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting *Wilson,* 501 U.S. at 304). When determining whether an alleged deprivation is objectively sufficiently serious to support an Eighth Amendment claim, the court must consider the circumstances, nature, and duration of the deprivation. *Johnson v. Lewis*, 217 F.3d 726, 731–32 (9th Cir. 2000). The "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Second, Plaintiff must allege facts sufficient to plausibly show each Defendant he seeks to hold liable had a "sufficiently culpable mind." *Wilson*, 501 U.S. at 297. "In prison-conditions cases

that state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). That is, that the official must "kn[ow] of and disregard[ ] an excessive risk to inmate health or safety[.]" *Id*. at 837.

Outside Exercise

Deprivation of outdoor exercise may violate the Eighth Amendment rights of inmates confined to continuous and long-term segregation. *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996). At the same time, outdoor exercise privileges may be restricted for disciplinary or security purposes. *LeMaire v. Maass*, 12 F.3d 1444, 1458 (9th Cir. 1993) (upholding long-term denial of outdoor exercise to prisoner posing serious security risk who can exercise in his cell); *see also Spain v. Procunier,* 600 F.2d 189, 199 (9th Cir. 1979) (declining to find whether deprivation of outdoor exercise is per se unconstitutional).  The right to outdoor exercise is not absolute or indefeasible, *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010), but "ordinarily the lack of outside exercise for extended periods is a sufficiently serious deprivation" for Eighth Amendment purposes. *LeMaire*, 12 F.3d at 1457. "[T]he Constitution requires jail officials to provide outdoor recreation opportunities, or otherwise meaningful recreation, to prison inmates." *Norbert v. City and County of San Francisco*, 10 F.4th 918, 931 (2021) (quoting *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018)). Indoor recreational opportunities may satisfy constitutional standards. *Id.* at 929-30.  For example, access to a dayroom designed for exercise may be adequate recreation. *Id.* at 931.  Without knowing the contents of the challenged policies, it is not possible to screen whether outdoor exercise privileges were restricted for disciplinary or security purposes.

There are no factual allegations that the policies improperly restrict outside access. Outdoor exercise privileges may be restricted for disciplinary or security purposes, and Plaintiff alleges that outside activity was curtailed during staff shortages and lockdowns. Plaintiff fails to allege if some substitute to outside exercise was granted such as indoor recreational opportunities.

Plaintiff also fails to allege the second component: that the defendant had a "sufficiently culpable mind" such that he was deliberately indifferent to the inmate's health. Plaintiff fails to allege any factual support that Warden Pfeiffer knew of Plaintiff's situation and that he disregarded Plaintiff's situation.  Plaintiff bases his claim against Warden Pfeiffer that he had been informed of

conduct at the facility and Warden Pfeiffer is responsible for all actions at the institution. Liability however cannot be based upon respondeat superior.

### D. Title 15 and Policy Violation

To the extent that any Defendant has not complied with applicable state statutes or prison regulations for failure to follow procedures, these deprivations do not support a claim under §1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

### IV. Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff has failed to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

///

///

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 24, 2023**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE